In the Matter of the Application for the DISCIPLINE OF Richard A. JOHNSON, an Attorney at Law of the State of Minnesota.

No. C6–86–212.

Supreme Court of Minnesota.

May 20, 1986.

## ORDER

The Lawyers Professional Responsibility Board, acting through its Director, has filed a petition with this court alleging that respondent Richard A. Johnson has violated several rules of judicial conduct warranting attorney discipline. The respondent entered into a stipulation with the Director on June 26, 1985. In that stipulation, the respondent waived all rights he had to a hearing before a referee and stipulated that this court could enter its order imposing discipline pursuant to provisions of the stipulation. In the stipulation, the respondent agreed to comply with certain conditions. Among those was that he was to nominate a supervisor within two weeks of the date of the stipulation; that he was to fully cooperate with the supervisor and the Director's office in their efforts to monitor compliance with the probation; that he was to initiate and maintain office procedures to insure proper communications with his clients; and that he was to diligently and competently pursue and handle Janet Boller's case and keep Boller regularly informed of the status of the matter and respondent's progress in the matter. In the present petition, the Director alleges that respondent has violated the conditions of that 1985 probation. The Director further alleges that respondent has not pursued and handled Janet Boller's case nor has he kept her regularly informed of the status of the matter. The Director alleges, and the respondent admits, that since June of 1985 Boller has left numerous phone messages for respondent seeking information regarding her case, but that respondent has generally failed to return any of her phone calls. Respondent has taken no further action to pursue his client's claim. Moreover, the Director alleges in the present petition noncooperation on the part of respondent with the 21st District Ethics Committee. The respondent and the Director have on the 22nd day of January, 1986, entered into a further stipulation dated May 2, 1986. By the terms of this stipulation, the respondent has waived certain rights he has under Rule 14, Minn.R. Law.Prof.Resp., including the right to a hearing on a petition before a referee heretofore appointed by this court. In addition, he unconditionally admits the allegations of the Director's petition. In this latest stipulation, the Director and the respondent join in recommending to this court that the appropriate discipline is a public reprimand and for continued supervised probation pursuant to Rule 15, Minn.R.Law.Prof. Resp.

The court having considered the files and records herein, the stipulations entered into by the Director and the respondent NOW ORDERS:

1. The respondent is hereby publicly reprimanded and placed on supervised probation pursuant to Rule 15, RLPR. The respondent's probation shall be for a term of two years or until respondent completes the Boller matter, whichever is longer. This probation will be subject to all conditions contained in the June 1985 stipulation

between respondent and the Director's office for private probation. Those conditions are:

(a) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(b) Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention.

(c) Within two weeks of the date of this order respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with terms of this probation. If respondent fails to so nominate, then the Director may appoint any licensed Minnesota lawyer acceptable to the Director as supervisor. The supervisor shall file a written report with the Director at least quarterly, or at such other frequent intervals as may reasonably be requested by the Director.

(d) Respondent shall have the duty to cooperate fully with the supervisor and with the Director's office in their efforts to monitor compliance with this stay and in any investigations of further unprofessional conduct which may arise during the probation.

(e) Respondent shall initiate and maintain office procedures which insure there are prompt responses to correspondence, telephone calls and other important communications from clients, courts or other persons interested in matters which respondent is handling, and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Respondent shall diligently and competently pursue and handle Janet Boller's case and keep Boller regularly informed of the status of the matter and respondent's progress in the matter, and provide proof thereof to the Director upon request.

2. The respondent is specifically ordered to initiate suit on behalf of Janet Boller and file proof thereof with the court and the Director within 30 days after May 2, 1986. If respondent fails to do so, this court will thereafter enter an order immediately suspending him from the practice of law pending the court's final disposition of the disciplinary proceedings.

3. Respondent shall pay the sum of $500 in costs pursuant to Rule 24(a), RLPR, said payment to be made to the office of the Director within 60 days from the date hereof.